IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RUBEN LUCERO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 07-CV-0188-KC |
| § | |
| CHUCK CONNER, SECRETARY, § | |
| UNITED STATES DEPARTMENT of § | |
| AGRICULTURE, § | |
| § | |
| Defendant. § | |
| § | |
| § | |

**<u>ORDER</u>**

On this day, the Court considered Defendant's Motion for Partial Dismissal and/or, in the Alternative, for Partial Summary Judgment ("Defendant's Motion"). For the reasons set forth below, it is hereby **ORDERED** that Defendant's Motion be **GRANTED**.

**I. BACKGROUND**

Plaintiff brings this action pursuant to the Age Discrimination and Employment Act of 1967, as amended (the "ADEA"), 29 U.S.C. § 621, *et seq*, to seek relief from Defendant's allegedly unlawful employment practices on the basis of age, and for Defendant's alleged retaliation against Plaintiff for filing a discrimination complaint. *See* Pl.'s Compl. ¶¶ 1, 8.

At the time of the alleged unlawful discrimination in this action, Plaintiff was a 59-year-old male. Pl.'s Compl. ¶ 5. From October 1970 to July, 2006, Plaintiff worked for the United States Department of Agriculture ("USDA"), most recently as a Consumer Safety Inspector with the

USDA, Food Safety and Inspection Service. *Id.*

On July 3, 2006, the USDA terminated Plaintiff's employment. Def.'s Proposed Undisputed Facts ¶ 1.[1] On August 3, 2006, Plaintiff appealed his termination to the Merit Systems Protection Board ("MSPB"), where he alleged that his employment was terminated because of his age and in retaliation for having previously filed a discrimination complaint. *Id.* ¶ 2. On March 2, 2007, an Administrative Law Judge at the MSPB issued an Initial Decision, affirming the USDA's decision to remove Plaintiff from his position of Federal Consumer Safety Inspector. Id. ¶ 3; *see also* Def.'s Mot. Ex. A ("Initial Decision") 1-2. Plaintiff received the Initial Decision on March 5, 2007. Def.'s Proposed Undisputed Facts ¶ 4. Plaintiff did not seek an administrative review of the Initial Decision with the MSPB or with the U.S. Equal Employment Opportunity Commission. *Id.* ¶ 5. Moreover, the MSPB did not reopen Plaintiff's case on its own motion. *Id.*

Plaintiff commenced this action on May 30, 2007. Pl.'s Compl. 1.

## II.   DISCUSSION

### A.   Standard

Federal courts are courts of limited jurisdiction. *Peoples Nat'l Bank v. Office of the Comptroller of the Currency of the United States*, 362 F.3d 333, 336 (5th Cir. 2004). Without jurisdiction conferred by statute, federal courts lack the power to adjudicate claims. *Id.* A party may challenge a district court's subject matter jurisdiction by filing a motion to dismiss pursuant

---

[1] For purposes of Defendant's Motion, Plaintiff does not dispute the facts as alleged in Defendant's Proposed Undisputed Facts. *See* Pl.'s Resp. App. 5 ("Plaintiff's Response to Defendant's Proposed Undisputed Facts").

to Federal Rule of Civil Procedure 12(b)(1).  FED. R. CIV. P. 12(b)(1).

A motion to dismiss pursuant to Rule 12(b)(1) must be considered before any other challenge, because a court must have jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).  In ruling upon such motion, a district court is free to weigh the evidence and satisfy itself as to its power over the case. *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992).  In making this ruling, the district court may rely upon: (1) the complaint alone, (2) the complaint supplemented by undisputed facts in the record, or (3) the complaint supplemented by undisputed facts in addition to the court's resolution of disputed facts. *Barrera-Montenegro v. United States and Drug Enforcement Admin.*, 74 F.3d 657, 659 (5th Cir. 1996).

The standard of reviewing a motion to dismiss pursuant to 12(b)(1) depends upon whether the defendant makes a facial or factual challenge to the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  When the defendant makes a facial attack by the mere filing of a Rule 12(b)(1) motion, the trial court looks to the sufficiency of the plaintiff's allegations, which are presumed to be true. *Id.*  When the defendant makes a factual attack by providing affidavits, testimony, and other evidence challenging the court's jurisdiction, the plaintiff must submit facts in support of the court's jurisdiction and thereafter bear the burden of proving that the trial court has subject matter jurisdiction. *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

In addition, summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,(1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Ellison*, 85 F.3d at 189.

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex*, 477 U.S. at 323; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant's burden may not be satisfied by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Warfield*, 436 F.3d at 557 (quoting *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004)). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

    **B.**    **Dismissal of Claim Pursuant to 5 U.S.C. § 7703(b)(2)**

Defendant argues that the Court must dismiss Plaintiff's claim because Plaintiff failed to

file his claim within the 30-day period required by Title 5, United States Code § 7703(b)(2).

Def.'s Mot. 3-4.  Plaintiff argues, however, that the 30-day requirement in § 7703(b)(2) is

inapplicable because Plaintiff is seeking relief under the ADEA and does not seek a review of the

Initial Decision of the Merit Systems Protection Board, which previously denied Plaintiff's claim.

Pl.'s Resp. 2-3.   In addition, Plaintiff argues that even if the 30-day provision in § 7703(b)(2)

does apply in this case, the deadline has not passed because Plaintiff has yet to receive notice of a

judicially reviewable action.  Pl.'s Resp. 3-5.

### 1. Applicability of 5 U.S.C. § 7703(b)(2)

Plaintiff's case before the MSPB was a "mixed case" appeal.  "A mixed case appeal is an

appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or

in part, because of discrimination on the basis of race, color, religion, sex, national origin,

handicap or age."  29 C.F.R. § 1614.302(a)(2); *see also Butler v. West*, 164 F.3d 634, 638 (D.C.

Cir. 1999).  Title 5, United States Code, § 7702 and the relevant sections of the Code of Federal

Regulations contain the statutory provisions directly addressing the procedural path of a mixed

case.  *See Butler*, 164 F.3d at 638.  An employee who intends to pursue a mixed case can choose

between filing a "mixed case complaint" with the Equal Employment Opportunity office and filing

a "mixed case appeal" directly with the MSPB.  *See Butler*, 164 F.3d at 638; 29 C.F.R. §

1614.302(b); 5 C.F.R. § 1201.151.  When a complainant appeals to the MSPB, the matter is

assigned to an ALJ who takes evidence and eventually makes findings of fact and conclusions of

law.  *Butler*, 164 F.3d at 638 (citing 5 C.F.R. §§ 1201.41(b), 1201.111).  If either party is

dissatisfied with the ALJ's decision, the party can petition the full board to review the initial

decision.  *Id.*; *see also* 5 C.F.R. § 1201.113(a).  The ALJ's initial decision becomes final if neither

party, nor the MSPB on its own motion, seeks further review within 35 days. *Id.* at 638-39 (citing 5 C.F.R. 1201.113(c)). The complainant may then seek judicial review of the final decision or appeal the discrimination claim to the EEOC; but, any case for judicial review "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702." 5 U.S.C. § 7703 (b)(2); *see* 29 C.F.R. § 1614.310(b). Once the ALJ's decision becomes final, all administrative remedies are exhausted. 5 C.F.R. § 1201.113(e).

In the instant case, Defendant terminated Plaintiff July 3, 2006, and he appealed his mixed case to the MSPB August 3, 2006. The ALJ rendered his Initial Decision March 2, 2007, and Plaintiff received the Decision March 5, 2007. The Initial Decision stated that it would become final and judicially reviewable – absent an appeal by either party – on April 6, 2007. Neither party sought review of the MSPB Decision, and on April 6, 2007, the Initial Decision became final. More than 30 days passed from April 6, 2007, and neither party filed an appeal of the ALJ's Decision in a United States district court. Plaintiff filed the instant action May 30, 2007, more than 50 days after the MSPB's Initial Decision became final and judicially reviewable. Pursuant to § 7703(b)(2), Plaintiff's inaction foreclosed any judicial review of the MSPB's Decision.

Plaintiff argues, however, that the instant case is not an appeal of the MSPB's Decision but an independent claim under the ADEA pursuant to 29 U.S.C. § 633a(c). Pl.'s Resp. 2-3. As such, Plaintiff argues that §7703(b)(2)'s 30-day window to file his Complaint in a United States district court is inapplicable. *Id.* Plaintiff's argument appears disingenuous. First, he refers to the MSPB's Initial Decision as a "necessary administrative prerequisite[]" to the instant case. See Pl.'s Compl. 2. An independent civil suit based purely on ADEA violations has no administrative

pre-requisites other than providing notice to the Equal Employment Opportunity Commission within 30 days of filing suit.  *See* 29 U.S.C. § 633a(d);[2] *see also Stevens v. Dep't of Treasury*, 500 U.S. 1, 12 (1991) (Stevens, J., concurring and dissenting) (the ADEA "contains no express requirement that a federal employee complainant seek administrative relief.").  Therefore, a natural reading of Plaintiff's Complaint leads the Court to conclude that this case is an appeal of the MSPB Decision and not a "challenge[] [of the] discriminatory termination itself under the ADEA."[3]  Pl.'s Resp. 3.

However, even if this case is a completely independent civil suit, Plaintiff's case remains barred, because the plain language of 5 U.S.C. § 7703(b)(2) applies to any civil suit based on an ADEA claim arising out of an MSPB appeal, not just the MSPB appeal itself.  Section 7703(b)(2) states that:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under . . . section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)) . . . .  Notwithstanding any other provision of law, *any such case filed under any such action* must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

5 U.S.C. § 7703(b)(2) (emphasis added).

According to § 7703(b)(2), a party seeking judicial review of an MSPB final decision

---

[2] Defendant argued, but later withdrew his argument, that Plaintiff failed to comply with the additional notice requirements of 29 U.S.C. § 633a(d).  *See generally* Def.'s Reply 3; Def.'s Sur-Reply 1.

[3] That Plaintiff later states in his Statement of Claims that the case is brought "in violation of 29 U.S.C. § 621, *et seq.*," as opposed to 5 U.S.C. § 7703(b)(2) does not alter this conclusion, because, as explained *infra*, any appeal of an MSPB Decision must be brought pursuant to 29 U.S.C. §626a(c).

must do so pursuant to 29 U.S.C. § 633a(c).  This is the same statute authorizing a party to bring a civil suit pursuant to the ADEA and the same statute Plaintiff now seeks to employ in bringing his purportedly independent cause of action.  Therefore, despite the fact that Plaintiff now styles his action as "challeng[ing] the discriminatory termination itself under the ADEA," as opposed to appealing the MSPB decision, the cases would be one and the same for purposes of § 7703(b)(2).  To view the cases as different actions would effectively render § 7703(b)(2)'s 30-day time window meaningless.  Plaintiffs seeking an alternative outcome to the MSPB decision but who did not want to comply with the 30-day window could simply ignore the statutory time limit in favor of "independent" ADEA claims, as Plaintiff attempts to do here.

Second, a literal reading of 5 U.S.C. §§ 7702-7703 demonstrates that Plaintiff's purportedly independent claim of ADEA discrimination remains a case subject to § 7702.  Section 7702 refers to discrimination cases that an employee "may appeal to the Merit Systems Protection Board" that the Board must then adjudicate.  *See* § 7702(a)(1)(A).  That Plaintiff's instant case was "subject to the provisions of section 7702" is evidenced by the fact that Plaintiff in fact did appeal the instant case to the MSPB, as stated in his Complaint.  *See* Pl.'s Compl. 2.  Therefore, "*notwithstanding any other provision of law*," Plaintiff had 30 days to file his ADEA discrimination case pursuant to § 7703(b)(2), which he subsequently failed to do.

Plaintiff relies exclusively on *Bankston v. White*, a Ninth Circuit opinion which held that when a plaintiff does not seek review of an MSPB decision but files an independent ADEA case on the same facts, § 7703 is not applicable and does not affect a Federal court's jurisdiction independently existing under the ADEA.  *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003). But, Plaintiff's reliance on *Bankston* is misplaced.  The *Bankston* court dealt with a case where

the complainant abandoned his administrative appeal before the MSPB rendered a judicially reviewable decision. *Bankston*, 345 F.3d at 769. As such, the *Bankston* court never specifically dealt with the situation where the plaintiff had a judicially reviewable MSPB Decision with a statutorily-mandated deadline for appeal to a federal court. Indeed, the *Bankston* court never specifically addressed § 7703(b)(2) at all.[4] Therefore, *Bankston* is unpersuasive authority.[5]

In conclusion, the Court finds no persuasive support in case law or in the relevant statutes and regulations that would permit Plaintiff to file his case outside the 30-day window provided by 5 U.S.C. § 7703(b)(2). By seeking and obtaining an MSPB Final Decision and then failing to seek judicial review of that Decision in a timely manner, Plaintiff foreclosed his right to seek judicial review of his ADEA claim. Accordingly, this Court lacks subject-matter jurisdiction to hear Plaintiff's claim.

### 2. "Notice" of a judicially reviewable action

---

[4] The *Bankston* court also noted that certain deadlines within § 7702 may apply only to facilitate the exhaustion of remedies requirement of Title VII and may be redundant with regards to the ADEA. *Bankston*, 345 F.3d at 771. This argument, however, is inapplicable in the instant case because § 7702(b)(2) refers directly to the ADEA and applies the 30-day window "[n]otwithstanding any other provision of law." 5 U.S.C. § 7703(b)(2).

[5] Indeed, the *Bankston* court's ultimate holding – that exhaustion of administrative remedies is not required once a complainant seeks administrative review of his discrimination claims – is at odds with Fifth Circuit precedent. *See Herod v. Potter*, No. 07-60231, 2007 WL 4180546, at *2 (5th Cir. Nov. 27, 2007) (slip op.) (holding that once Plaintiff has "chosen to pursue an administrative remedy for his ADEA claim, [he] was required to 'see it through to the end.'") (citing *Tolbert v. United States*, 916 F.2d 245, 249 (5th Cir. 1990)); *see also White v. Frank*, 895 F.2d 243, 243-33 (5th Cir. 1990); *Rendon v. Potter*, No. 06-CV-875, 2007 WL 1452932 (W.D. Tex. May 15, 2007); *Smith v. O'Keefe*, No. 03-5900, 2006 WL 2167716, at *5 (S.D. Tex., July 31, 2006).

Plaintiff further argues, however, that even if section 7703(b)(2) applies, the 30-day window for filing an appeal of the ALJ's decision has not closed because Plaintiff never received notice of a judicially reviewable decision. Plaintiff does not dispute that he received notice of the MSPB's Initial Ruling March 5, 2007, nor does he dispute that the same Decision became a judicially reviewable action on April 6, 2007. However, Plaintiff argues that he never received notice that it became judicially reviewable, and that "[n]otice of an interim ruling which may possibly become judicially reviewable, under certain circumstances, should not substitute for such notice." Pl.'s Resp. 4. Plaintiff's argument is without merit.

The MSPB's Initial Decision, under the section titled "NOTICE TO APPELLANT," states, "This decision will become final on April 6, 2007, unless a petition for review is filed by that date or the Board reopens the case on its own motion." MSPB's Initial Decision 24. Neither party filed a petition for review, nor did Plaintiff receive any notice that the Board had reopened the case on its own motion. Def.'s Proposed Undisputed Facts ¶ 5. Time moved inexorably forward and April 6, 2007, came and passed. The Court holds that Plaintiff received sufficient notice of a Final Decision and that such Decision was judicially reviewable. As stated in *Ballard v. Tennessee Valley Authority*:

> The initial decision itself notifies the parties that it will become the final decision of the Board in 35 days if no further administrative review is sought. The employee thus "receives notice" of the final decision of the Board on the very day the initial decision becomes the final decision of the Board, and must file for judicial review within 30 days of that date.

*Ballard v. Tenn. Valley Auth.*, 768 F.2d 756, 764 (6th Cir. 1985); *see also James v. U.S. Postal Serv.*, 835 F.2d 1265, 1266 (8th Cir. 1988) ("[B]ecause the Board's written initial decision informed appellant that the decision would become final on [a certain date], that is the date on which the final decision was issued and on which appellant 'received notice.'").

### III. CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff's claims are barred for failing to comply with 5 U.S.C. § 7703(b)(2).

Accordingly, is hereby **ORDERED** that Defendant's Motion for Partial Summary Judgment and/or in the Alternative, for Partial Summary Judgment (**Doc. No. 16**) be **GRANTED**.

All claims relating to Plaintiff's termination from the USDA are **DISMISSED**.

**IT IS FURTHER ORDERED** that the parties **SHOW CAUSE** why this case should not be closed as there appear to be no claims remaining in this action.

**SO ORDERED**.

**SIGNED** on this 25th day of January, 2008.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE